S787M.55025

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

**CYNTHIA OVERTON,**

    Plaintiff,

v.                                       Docket #1:23-cv-01082

**STATE FARM FIRE AND CASUALTY COMPANY, GLORIA JARVIS, and RYAN BROWN,**

    Defendants,

## ANSWER TO COMPLAINT

Defendant, State Farm Fire and Casualty Company ("State Farm"), pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, responds to the allegations in the Complaint against it as follows:

1. In response to the allegations in Paragraph 1 of the Complaint, State Farm admits that, pursuant to 28 U.S.C. § 1332, jurisdiction is proper with the United States District Court, Western District of Tennessee, Western Division. State Farm asserts that this case was properly removed to the United States District Court and that the United States District Court has subject matter jurisdiction over the cause of action.

2. State Farm admits the allegations in paragraph 2 of the Complaint upon information and belief.

3. State Farm admits the allegations in the first two sentences in paragraph 3 of the Complaint. The remaining averments in paragraph 3 of the Complaint are legal conclusions to which no response is required.

4. State Farm admits that Ryan Brown is an adult resident of Tennessee. State Farm denies that Ryan Brown's business address is One State Farm Plaza, Bloomington, Illinois, 61710. The remaining averments in paragraph 4 of the Complaint are legal conclusions to which no response is required.

5. State Farm denies that Gloria Jarvis is an adult resident of Tennessee. State Farm denies that Gloria Jarvis' business address is One State Farm Plaza, Bloomington, Illinois, 61710. The remaining averments in paragraph 5 of the Complaint are legal conclusions to which no response is required.

6. State Farm admits that Plaintiff had a manufactured home Policy. The Policy speaks for itself, and State Farm denies any allegations to the extent they mischaracterize the same. State Farm admits that it made payments to Plaintiff under Claim No. 42-40R5-29W for covered losses resulting from a storm on September 24, 2022.

7. State Farm admits that Ryan Brown and William Griffin inspected the property on November 11, 2022 and that Ryan Brown provided an estimate for the covered storm damage repairs to the home. State Farm admits that William Griffin submitted a loss assessment for losses not covered by the Policy.

8. State Farm admits that Ryan Brown sent a letter to Plaintiff on November 12, 2022, and that the letter is attached to the Complaint as Exhibit 2. The letter speaks for itself, and State Farm denies any allegations to the extent they mischaracterize the same. State Farm denies Plaintiff's allegation that Ryan Brown made statements in the letter that he knew were not accurate.

9. State Farm admits that the Policy includes an appraisal provision. The provision speaks for itself, and State Farm denies any allegations to the extent they mischaracterize the same. State Farm admits that Plaintiff submitted a demand for appraisal on February 9, 2023. State Farm denies that appraisal is appropriate and denies that Plaintiff's appraisal demand met the requirements of appraisal as outlined in the Policy.

10. State Farm admits that Gloria Jarvis sent a letter to Plaintiff on March 23, 2023, and that the letter is attached to the Complaint as Exhibit 3. The letter speaks for itself, and State Farm denies any allegations to the extent they mischaracterize the same.

11. State Farm denies the allegations in paragraph 11 of the Complaint. State Farm denies that appraisal is appropriate and denies that Plaintiff's appraisal demand met the requirements of appraisal as outlined in the Policy.

12. State Farm denies that the Policy does not address umpire criteria. The remaining averments in paragraph 12 of the Complaint are legal conclusions to which no response is required.

13. State Farm denies that appraisal is appropriate and denies that Plaintiff's appraisal demand met the requirements of appraisal as outlined in the Policy; therefore, State Farm denies that the umpires listed in paragraph 13 of the Complaint should arbitrate the loss.

14. State Farm denies that appraisal is appropriate and denies that Plaintiff's appraisal demand met the requirements of appraisal as outlined in the Policy; therefore, State Farm denies that this Court is authorized by the mutual consent of the parties to choose an appraiser and/or umpire.

15. No response is required to paragraph 15 of the Complaint.

16. State Farm denies the allegations in paragraph 16 of the Complaint.

17. State Farm denies the allegations in paragraph 17 of the Complaint.

18. No response is required to paragraph 18 of the Complaint.

19. State Farm denies the allegations in paragraph 19 of the Complaint.

20. State Farm denies the allegations in paragraph 20 of the Complaint.

21. State Farm denies the allegations in paragraph 21 of the Complaint.

22. State Farm denies the allegations in paragraph 22 of the Complaint.

23. State Farm denies the allegations in paragraph 23 of the Complaint.

24. State Farm denies that Plaintiff is entitled to any relief from State Farm, including the relief sought in the *ad damnum* clause on page 7 of the Complaint.

25. Some or all of the claims against State Farm contained in the Complaint fail to state a claim upon which relief can be granted. Therefore, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Complaint should be dismissed as to said allegations against State Farm.

26. State Farm is not liable to Plaintiff because it breached no duty owed to Plaintiff and has fulfilled all duties owed to Plaintiff.

27. State Farm, at all times applicable, acted in good faith in its dealings with Plaintiff.

28. State Farm relies upon the Policy of insurance, Policy No. 42-EE-A607, and all pertinent provisions of the Policy. Further, State Farm asserts that it complied at all times with the Policy.

29. State Farm asserts that Plaintiff is not entitled to damages under Tennessee's Bad Faith Statute, T.C.A. § 56-7-105, and Plaintiff has failed to meet the statutory requirements to recover bad faith damages, including the failure to provide a formal pre-suit demand and/or comply with the pre-suit notice requirement. Therefore, Plaintiff's claim under T.C.A. § 56-7-105 is subject to dismissal for failure to state a claim for which relief can be granted.

30. State Farm asserts that Plaintiff failed to provide timely, proper notice of the alleged loss as required by the Policy.

31. State Farm did not breach a contract, or any other duties or rights owed to Plaintiff under contract, common law, or statutory law.

32. To the extent applicable, State Farm would show this Court that the Plaintiff's recovery, if any, is subject to the Policy limits of the subject Policy.

AND NOW, having fully answered the Plaintiff's Complaint, State Farm moves this court for dismissal of this action and the imposition of the clerk's statutory costs against Plaintiff. State Farm demands a jury of 12 be empaneled to hear any remaining allegations.

Respectfully submitted,

**LEWIS THOMASON, P.C.**

s/R. Kent Francis
Christopher L. Vescovo (BPR #14516)
R. Kent Francis (BPR #34239)
Suite 2900, One Commerce Square
40 S. Main Street
Memphis, TN 38103-5529
(901) 525-8721
cvescovo@lewisthomason.com
kfrancis@lewisthomason.com

*Attorneys for Defendant State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of May, 2023, a copy of the foregoing pleading has been delivered to the following by the Court's electronic filing system (ECF) and email:

Drayton D. Berkley (BPR #22601)
Berkley Law Firm, PLLC
1255 Lynnfield Ste 226
Memphis, TN 38119
(901) 322-8706
attorneyberkley@gmail.com

*Attorney for Plaintiff*

s/R. Kent Francis