S787M.55025

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

**CYNTHIA OVERTON,**

Plaintiff,

v.          Docket #1:23-cv-01082

**STATE FARM FIRE AND CASUALTY COMPANY, GLORIA JARVIS, and RYAN BROWN,**

Defendants,

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS, GLORIA JARVIS AND RYAN BROWN

Defendants, Gloria Jarvis and Ryan Brown ("these Defendants"), by and through counsel, submit this memorandum of law in support of their Motion to Dismiss.

### Introduction

This Court should dismiss Plaintiff's claim against these Defendants for insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure. Plaintiff failed to properly serve process these Defendants a manner that complies with either the Federal Rules of Civil Procedure or Tennessee law. Specifically, Plaintiff did not (1) deliver a copy of the summons and Complaint to these Defendants personally, (2) leave a copy of the summons and Complaint at these Defendants' dwelling or usual place of abode with someone of suitable age and discretion who resides there, or (3) deliver a copy of the summons and Complaint to an agent authorized by appointment or by law to receive service of process. Accordingly, Plaintiff has failed to perfect

service upon these Defendants and dismissal is proper on this basis. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991).

## Pertinent Facts

1. Plaintiffs filed a Complaint on March 30, 2023, in the Circuit Court of Madison County, Tennessee. (D.E. 3, p. 4). The action was subsequently removed to this Court. (D.E. 2).

2. A summons was issued to Defendant Gloria Jarvis and served on the Tennessee Secretary of State along with the Complaint. (Summons with proof of mailing attached hereto as **Exhibit 1**). The Tennessee Secretary of State mailed the copy of the summons and Complaint to Defendant Jarvis at One State Farm Plaza, Bloomington, Illinois, 61710.

3. A summons was issued to Defendant Ryan Brown and served on the Tennessee Secretary of State along with the Complaint. (Returns summons attached hereto as **Exhibit 2**). The Tennessee Secretary of State mailed the copy of the summons and Complaint to Defendant Brown at One State Farm Plaza, Bloomington, Illinois, 61710.

4. Defendant Jarvis has not been personally served with a copy of the summons and Complaint. (Declaration of Gloria Jarvis ¶ 4 attached hereto as **Exhibit 3**).

5. A copy of the summons and Complaint has not been left at Defendant Jarvis' dwelling or usual place of abode with someone of suitable age and discretion who resides there. (Declaration of Jarvis ¶ 5).

6. A copy of the summons and Complaint has not been delivered to an agent authorized by appointment or by law to receive service of process for Defendant Jarvis. (Declaration of Jarvis ¶ 6).

7. Defendant Brown has not been personally served with a copy of the summons and Complaint. (Declaration of Ryan Brown ¶ 4 attached hereto as **Exhibit 4**).

8. A copy of the summons and Complaint has not been left at Defendant Brown's dwelling or usual place of abode with someone of suitable age and discretion who resides there. (Declaration of Brown ¶ 5).

9. A copy of the summons and Complaint has not been delivered to an agent authorized by appointment or by law to receive service of process for Defendant Brown. (Declaration of Brown ¶ 6).

## Legal Standard

Federal Rule of Civil Procedure 12(b)(5) authorizes a trial court to dismiss a case for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). From the outset of a lawsuit, the burden is on the plaintiff to ensure that the defendant is properly served with a summons and a copy of the complaint. *See* Fed. R. Civ. P. 4(c)(1). Once the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity. *Aslani v. Sparrow Health Sys.*, No. 1:08-CV-298, 2009 U.S. Dist. LEXIS 134430, at *6 (W.D. Mich. Apr. 16, 2009). "In deciding a motion to dismiss under 12(b)(5), a court may consider matters outside of the pleadings, such as affidavits." *Pendleton v. Williams*, No. 3:12-cv-00376, 2013 U.S. Dist. LEXIS 81430, at *1 (M.D. Tenn. June 10, 2013). Faced with a Rule 12(b)(5) motion, a trial court has the discretion to dismiss the action or to quash service and direct that proper service be made. *Parker v. Unknown Keller*, No. 2:17-cv-00102, 2019 U.S. Dist. LEXIS 82866, at *3 (W.D. Mich. Apr. 22, 2019).

## Argument

Absent proper service of process, a court cannot exercise jurisdiction over a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Under Federal Rule of Civil Procedure 4(h)(1), a plaintiff may

3

effect service of process on an individual within a judicial district of the United States in four ways: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made, (2) delivering a copy of the summons and of the complaint to the individual personally, (3) leaving a copy of the summons and of the complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or (4) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e). A defendant's actual notice of a particular lawsuit is insufficient to satisfy a plaintiff's obligation to properly effect service under Rule 4. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (holding that district court erred in determining that actual notice of action cured insufficient service of process). In determining whether proper service was effected, it is irrelevant whether a defendant filed an answer or had actual knowledge of the lawsuit. *See Taylor v. Stanley Works*, No. 4:01-cv-120, 2002 U.S. Dist. LEXIS 26892, at *10 (E.D. Tenn. July 16, 2002) (citing *LSJ Investment Co., Inc. v. O.L.D.*, Inc., 167 F.3d 320, 322 (6th Cir. 1999)).

Under Tennessee law, service on an individual within the state can be made by delivering a copy of the summons and of the complaint to the individual personally. Tenn. R. Civ. P. 4.04(1). If the individual evades service, service can be made by leaving copies of the summons and complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service, or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served. Tenn. R. Civ. P. 4.04(1). The standards for proper service of process of an individual under both Tennessee and federal law are nearly identical. Service on an individual outside the state can be made by any form of service pursuant to Tennessee Rule of Civil Procedure

4.04, in any manner prescribed by the law of the state in which service is effected for an action in any of the courts of general jurisdiction in that state, or as directed by the court. Tenn. R. Civ. P. 4.05(1). The Tennessee Secretary of State may be served as the agent for an out-of-state defendant, but the Secretary of State must send the copy of the summons and complaint to the defendant. Tenn. R. Civ. P. 4B.

Plaintiff failed to properly serve Defendant Brown. Defendant Brown is a Tennessee resident. *See* Declaration of Brown ¶ 3. Plaintiff did not deliver a copy of the summons and Complaint to Defendant Brown personally. *See* Declaration of Brown ¶ 4. Plaintiff did not leave a copy of the summons and Complaint at Defendant Brown's dwelling or usual place of abode with someone of suitable age and discretion who resides there. *See* Declaration of Brown ¶ 5. Plaintiff did not deliver a copy of the summons and Complaint to an agent authorized by appointment or by law to receive service of process for Defendant Brown. *See* Declaration of Brown ¶ 6. Therefore, Plaintiff failed to serve Defendant Brown in a manner that complies with Federal Rule of Civil Procedure 4(e) or Tennessee Rule of Civil Procedure 4.04(1).

Plaintiff failed to properly serve Defendant Jarvis. Defendant Jarvis is a Texas resident. Plaintiff did not deliver a copy of the summons and Complaint to Defendant Jarvis personally. *See* Declaration of Jarvis ¶ 4. Plaintiff did not leave a copy of the summons and Complaint at Defendant Jarvis's dwelling or usual place of abode with someone of suitable age and discretion who resides there. *See* Declaration of Jarvis ¶ 5. Plaintiff did not deliver a copy of the summons and Complaint to an agent authorized by appointment or by law to receive service of process for Defendant Jarvis. *See* Declaration of Jarvis ¶ 6. Plaintiff served the Tennessee Secretary of State but included the incorrect address on the summons, meaning Defendant Jarvis did not receive a

copy of the summons or Complaint because the Tennessee Secretary of State sent it to Illinois.[1] *See* Declaration of Jarvis ¶ 7. To date, Defendant Jarvis has not received a copy of the summons or Complaint. Plaintiff failed to serve Defendant Jarvis in a manner that complies with Federal Rule of Civil Procedure 4(e), Tennessee Rule of Civil Procedure 4.04(1), Tennessee Rule of Civil Procedure 4.05(1), or Tennessee Rule of Civil Procedure 4B.

Because Plaintiff has failed to properly serve process these Defendants a manner that complies with either the Federal Rules of Civil Procedure or Tennessee law, the Court should dismiss this action under Federal Rule of Civil Procedure 12(b)(5) or, at minimum, quash service. *See Cleaborn v. Youth Vills.*, No. 11-3043-STA-tmp, 2012 U.S. Dist. LEXIS 120115, at *8 (W.D. Tenn. Aug. 24, 2012) (holding that defects in service of process entitled defendant to have summons quashed, allowing plaintiff 14 days to perfect service and file the proper return, and warning that failure to do so will result in dismissal).

For all of the foregoing reasons, these Defendants respectfully request the entry of an order dismissing the Complaint against them for insufficient service of process.

---

1 Notably, the Complaint alleges that Defendant Jarvis is a Tennessee resident (incorrect) with a principal place of business in Illinois (incorrect). Plaintiff attempted to serve Defendant Brown and Defendant Jarvis – both of whom he thought were Tennessee residents – by serving the Tennessee Secretary of State and having the Secretary of State send the summons to an address in Illinois where Plaintiff knew these Defendants did not reside.

Respectfully submitted,

**LEWIS THOMASON, P.C.**

s/R. Kent Francis
Christopher L. Vescovo (BPR #14516)
R. Kent Francis (BPR #34239)
Suite 2900, One Commerce Square
40 S. Main Street
Memphis, TN 38103-5529
(901) 525-8721
cvescovo@lewisthomason.com
kfrancis@lewisthomason.com

*Attorneys for Defendant State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of May, 2023, a copy of the foregoing pleading has been delivered to the following by the Court's electronic filing system (ECF) and email:

Drayton D. Berkley (BPR #22601)
Berkley Law Firm, PLLC
1255 Lynnfield Ste 226
Memphis, TN 38119
(901) 322-8706
attorneyberkley@gmail.com

*Attorney for Plaintiff*

s/R. Kent Francis

8729442

**Division of Business and
Charitable Organizations**
Secretary of State Tre Hargett



**State of Tennessee**
312 Rosa L. Parks Avenue, 6th Floor
Nashville, Tennessee 37243-1102



CERTIFIED MAIL

9489 0090 0027 6449 1119 69



US POSTAGE
ZP 37243  $008.95
02 4W
0000371068 APR 12 2023

JARVIS, GLORIA
NAIC # 25178
ONE STATE FARM PLAZA
BLOOMINGTON, IL 61710

41000111136ST00

**CORP SOUTH**

```
IMAGING,ENTERPRISE
Alias : IMAGING
Dept# :
Dept  : Temp_Location
Phone :

Pallet #: EI041723041723

Carrier: #: USPS
Tracking #: 9489009000276449111969
Reference #:

      ---ALERT INFORMATION---
Alert #:
Instructions:


      ---ADDITIONAL INFORMATION---
CLAIMS

                    4/17/2023 10:04:2
```



EXHIBIT 1

| STATE OF TENNESSEE<br>26th JUDICIAL DISTRICT<br>CIRCUIT COURT | **SUMMONS** | CASE FILE NUMBER<br>C-23-77 |
|---|---|---|
| **PLAINTIFF**<br><br>CYNTHIA OVERTON | **DEFENDANT**<br>STATE FARM AND CASUALTY COMPANY, GLORIA JARVIS, and RYAN BROWN | |
| | vs. | |

**TO: (NAME & ADDRESS OF DEFENDANT)**

GLORA JARVIS
One State Farm Plaza, Bloomington, Illinois 61710
NAIC # 25178

List each defendant on a separate summons.

YOU ARE HEREBY SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CIRCUIT COURT, RUTHERFORD COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU ARE DIRECTED TO FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGEMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| Attorney for plaintiff:<br>Drayton D. Berkley, 022601 / 1255 Lynnfield Ste 226<br>Memphis, TN 38119<br>Phone: 901.800.8349 / Ofc: (901) 322-8706<br>Fax: (901) 881-0316<br>attorneyberkley@gmail.com | DATE ISSUED & ATTESTED<br>3-30-23<br>Circuit Court Clerk - Gail Mooney<br>By: _A. Ervin_____ Deputy Clerk |
|---|---|

**CERTIFICATION**

I, ~~MELISSA HARRELL~~ Gail Mooney, Clerk of the Circuit Court of Rutherford County, Tennessee, do certify this to be true and correct copy of the original summons issued in this cause.

BY: _____ Deputy Clerk

2023 APR -5 AM 10:10
TRE HARGETT
SECRETARY OF STATE
STATE OF TENNESSEE
RECEIVED

| TO THE SHERIFF:<br>Please execute this summons and make your return within thirty days of issuance as provided by law. | DATE RECEIVED |
|---|---|
| | Sheriff |

**RETURN ON PERSONAL SERVICE OF SUMMONS**

I hereby certify and return that I served this summons together with the complaint as follows:

ADA
IF YOU HAVE A DISABILITY AND REQUIRE ASSISTANCE PLEASE CALL
1-731-988-3070

| DATE OF PERSONAL SERVICE: | |
|---|---|
| | Sheriff |
| | BY: |

Submit three copies: service copy, defendant's copy, file copy.                    ADA COORDINATOR (615-494-4480)

## ACCEPTANCE OF SERVICE

I do hereby accept service of process and a copy of this complaint in this cause for all purposes.
This the _____ day of _____, 20 _____.

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20 _____, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case # _____ to the defendant _____, on the _____ day of _____, 20 _____. I received the return receipt, which has been signed by _____ on the _____ day of _____, 20 _____. The return receipt is attached to this original summons to be filed by the Clerk of Court.

| Sworn to and subscribed before me this _____ day of _____, 20 _____. | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process |
|---|---|
| My Commission Expires: _____, 20 _____. | |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

**TO THE DEFENDANT(S):**
Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. This list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

Mail list to: MELISSA HARRELL, Circuit Court Clerk
Room 106, Judicial Center
116 W. Lytle Street
Murfreesboro, TN 37130

Please state file number on list.



**Tre Hargett**
Secretary of State

**Division of Business Services**
**Department of State**
State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

GAIL MOONEY
SUITE 300
515 S. LIBERTY ST.
JACKSON, TN 38301

04/27/2023
Case #: **C-23-77**
Certified #:**9489009000276449111976**

RE: **CYNTHIA OVERTON,**

VS: **STATE FARM AND CASUALTY COMPANY, GLORIA JARVIS, AND RYAN BROWN**

Dear Clerk,

Enclosed are the following papers in the above styled case:

☑ Original Summons

☑ Affidavit and Endorsement

☑ Registered or Certified Return Receipt signed by:
　SEE USPS

☐ Registered or Certified letter returned refused

☐ Registered or Certified letter returned undelivered with notation:

Sincerely,

*Tre Hargett*
Tre Hargett
Secretary of State

**EXHIBIT 2**

Enclosures: Original Documents
SS-4210 (Rev. 8/15)

RDA 1003

| STATE OF TENNESSEE 26th JUDICIAL DISTRICT CIRCUIT COURT | **SUMMONS** | CASE FILE NUMBER C-23-77 |
|---|---|---|
| **PLAINTIFF** CYNTHIA OVERTON | **DEFENDANT** STATE FARM AND CASUALTY COMPANY, GLORIA JARVIS, and RYAN BROWN | |

vs.

**TO: (NAME & ADDRESS OF DEFENDANT)**

RYAN BROWN
One State Farm Plaza, Bloomington, Illinois 61710
NAIC # 25178

List each defendant on a separate summons.

*FILED MAY 0 1 2023 — GAIL MOONEY CIRCUIT COURT CLERK / DEPUTY CLERK*
*ORIGINAL IF THIS STAMP IS NOT IN RED, IT IS NOT AN ORIGINAL*

YOU ARE HEREBY SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CIRCUIT COURT, RUTHERFORD COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU ARE DIRECTED TO FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGEMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| Attorney for plaintiff: Drayton D. Berkley, 022601 / 1255 Lynnfield Ste 226 Memphis, TN 38119 Phone: 901.800.8349 / Ofc: (901) 322-8706 Fax: (901) 881-0316 attorneyberkley@gmail.com | DATE ISSUED & ATTESTED 3-30-23 Circuit Court Clerk — Gail Mooney By: _A. Ervin_ Deputy Clerk |
|---|---|

## CERTIFICATION

I, ~~MELISSA HARRELL~~ Gail Mooney, Clerk of the Circuit Court of ~~Rutherford~~ County, Tennessee, do certify this to be true and correct copy of the original summons issued in this cause.

BY: _____ DEPUTY CLERK

*RECEIVED 2023 APR -5 AM 10: STATE OF TENNESSEE TRE HARGETT SECRETARY OF STATE*

| TO THE SHERIFF: Please execute this summons and make your return within thirty days of issuance as provided by law. | DATE RECEIVED | |
|---|---|---|
| | Sheriff | |

### RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that I served this summons together with the complaint as follows:

*ADA IF YOU HAVE A DISABILITY AND REQUIRE ASSISTANCE PLEASE CALL 1-731-988-3070*

| DATE OF PERSONAL SERVICE: | |
|---|---|
| | Sheriff |
| | BY: |

Submit three copies: service copy, defendant's copy, file copy.   ADA COORDINATOR (615-494-4480)



**Tre Hargett**
Secretary of State

**FILED**
MAY 01 2023
GAIL MOONEY, CIRCUIT COURT CLERK
DEPUTY CLERK
A.M. _____ P.M.

Division of Business Services
Department of State
State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

## AFFIDAVIT AND ENDORSEMENT

Case #: C-23-77                                           04/27/2023
Certified #: 9489009000276449111976          SOS Summons #: 13633490

**RE: CYNTHIA OVERTON,**

**VS: STATE FARM AND CASUALTY COMPANY, GLORIA JARVIS, AND RYAN BROWN**

I, <u>DEBORAH CHANEY</u>, having been duly authorized by Tre Hargett, Secretary of State of Tennessee, do hereby make oath on his behalf and under authorization as follows:

That on <u>04/05/2023</u>, I received from the plaintiff the original and certified copies of the process, notice or demand issued against <u>BROWN, RYAN AKA/POE: NAIC #25178</u> whose address is: <u>ONE STATE FARM PLAZA, BLOOMINGTON, IL 61710</u>, and that on <u>04/11/2023</u>, I mailed by registered or certified return-receipt mail the certified copies of the process, notice, or demand to the above address together with a written notice that service was made.

I further make oath that the return receipt for the registered or certified letter was received at my office in Nashville, Tennessee, on <u>04/26/2023</u>, and returned to <u>MADISON COUNTY - CIRCUIT COURT of JACKSON, TN</u> on <u>04/27/2023</u>.

Tre Hargett
Secretary of State

By: Deborah S. Chaney

Sworn to and subscribed before me this

_____ day of ____April____, 20 23

___Jamie Burnett___
Notary Public

My Commission Expires: __3-3-26__

[Notary Seal: JAMIE BURNETT, STATE OF TENNESSEE, NOTARY PUBLIC, DAVIDSON COUNTY]

SS-4201(Rev. 9/15)                                        RDA 1003

## ACCEPTANCE OF SERVICE

I do hereby accept service of process and a copy of this complaint in this cause for all purposes.
This the _____ day of _____, 20 _____.

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20 _____, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case # _____ to the defendant _____, on the _____ day of _____, 20 _____. I received the return receipt, which has been signed by _____ on the _____ day of _____, 20 _____. The return receipt is attached to this original summons to be filed by the Clerk of Court.

| | |
|---|---|
| Sworn to and subscribed before me this _____ day of _____, 20 _____. | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process |
| My Commission Expires: _____, 20 _____. | |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

**TO THE DEFENDANT(S):**
  Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. This list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to:   MELISSA HARRELL, Circuit Court Clerk
                Room 106, Judicial Center
                116 W. Lytle Street
                Murfreesboro, TN 37130

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)



**UNITED STATES**
**POSTAL SERVICE**

Date Produced: 04/24/2023

TN SECRETARY OF STATE:

The following is the delivery information for Certified Mail™ item number 9489 0090 0027 6449 1119 76. Our records indicate that this item was delivered on 04/17/2023 at 10:05 a.m. in BLOOMINGTON, IL 61710. The scanned image of the recipient information is provided below.

Signature of Recipient :

> X  *Mike Hoback* (signature)
> Printed Name: Mike Hoback

Address of Recipient :

> Delivery Address: 1 PLAZA

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

**FILED**
MAY 0 1 2023
GAIL MOONEY, CIRCUIT COURT CLERK
_____
DEPUTY CLERK
___ A.M.
___ P.M.

Customer Reference Number:    C-23-77





**Tre Hargett**
Secretary of State

# Division of Business Services
# Department of State
State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

WILLIAM GRIFFIN, PA
128 POPLAR STREET
GADSDEN, TN 38337

## Receipt Detail

Receipt ID: 008033801
Receipt Date: 04/10/2023
Receipt Total: $20.00

| Item | Description | Check/Ref # | DLN # | Price | # | Amount |
|---|---|---|---|---|---|---|
| Summons | Summons | 13633490 | | $20.00 | 1 | $20.00 |
| Payment-Account | WILLIAM GRIFFIN, PA, GADSDEN, TN | 103446 | | $20.00 | 1 | ($20.00) |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CYNTHIA OVERTON,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY, GLORIA JARVIS, and RYAN BROWN,

    Defendants.

Docket #1:23-cv-01082

## DECLARATION OF GLORIA JARVIS

STATE OF TEXAS

COUNTY OF DENTON

    GLORIA JARVIS, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1. I am over the age of 18 years and have personal knowledge of all of the facts stated herein.

2. I am employed by State Farm Mutual Automobile Insurance Company.

3. I reside in Denton County, Texas.

4. I have not been personally served with a copy of a summons and Complaint in the case of *Cynthia Overton v. State Farm Fire and Casualty Company, Gloria Jarvis, and Ryan Brown* currently pending in the United States District Court for the Western District of Tennessee, Case No. 1:23-cv-01082.


EXHIBIT 3

5. A copy of the summons and Complaint in the case of *Cynthia Overton v. State Farm Fire and Casualty Company, Gloria Jarvis, and Ryan Brown* currently pending in the United States District Court for the Western District of Tennessee, Case No. 1:23-cv-01082, has not been left at my dwelling or usual place of abode with someone of suitable age and discretion who resides there.

6. A copy of the summons and Complaint in the case of *Cynthia Overton v. State Farm Fire and Casualty Company, Gloria Jarvis, and Ryan Brown* currently pending in the United States District Court for the Western District of Tennessee, Case No. 1:23-cv-01082, has not been delivered to an agent authorized by appointment or by law to receive service of process for me.

7. A copy of the summons and Complaint in the case of *Cynthia Overton v. State Farm Fire and Casualty Company, Gloria Jarvis, and Ryan Brown* currently pending in the United States District Court for the Western District of Tennessee, Case No. 1:23-cv-01082, has not been delivered to me by registered or certified return receipt mail by the Tennessee Secretary of State.

I, Gloria Jarvis, declare under penalty of perjury that the foregoing is true and correct.

Executed on 5/25/2023

_____
GLORIA JARVIS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

**CYNTHIA OVERTON,**

    Plaintiff,

v.                                              Docket #1:23-cv-01082

**STATE FARM FIRE AND CASUALTY
COMPANY, GLORIA JARVIS,** and
**RYAN BROWN,**

    Defendants,

---

### **DECLARATION OF RYAN BROWN**

---

STATE OF TENNESSEE

COUNTY OF MADISON

    RYAN BROWN, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

    1.    I am over the age of 18 years and have personal knowledge of all of the facts stated herein.

    2.    I am employed by State Farm Mutual Automobile Insurance Company.

    3.    I reside in Madison County, Tennessee.

    4.    I have not been personally served with a copy of a summons and Complaint in the case of *Cynthia Overton v. State Farm Fire and Casualty Company, Gloria Jarvis, and Ryan Brown* currently pending in the United States District Court for the Western District of Tennessee, Case No. 1:23-cv-01082.


EXHIBIT 4

5. A copy of the summons and Complaint in the case of *Cynthia Overton v. State Farm Fire and Casualty Company, Gloria Jarvis, and Ryan Brown* currently pending in the United States District Court for the Western District of Tennessee, Case No. 1:23-cv-01082, has not been left at my dwelling or usual place of abode with someone of suitable age and discretion who resides there.

6. A copy of the summons and Complaint in the case of *Cynthia Overton v. State Farm Fire and Casualty Company, Gloria Jarvis, and Ryan Brown* currently pending in the United States District Court for the Western District of Tennessee, Case No. 1:23-cv-01082, has not been delivered to an agent authorized by appointment or by law to receive service of process for me.

7. A copy of the summons and Complaint in the case of *Cynthia Overton v. State Farm Fire and Casualty Company, Gloria Jarvis, and Ryan Brown* currently pending in the United States District Court for the Western District of Tennessee, Case No. 1:23-cv-01082, has not been delivered to me by registered or certified return receipt mail by the Tennessee Secretary of State.

I, Ryan Brown, declare under penalty of perjury that the foregoing is true and correct.

Executed on 5/24/2023.

_____
RYAN BROWN